UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 26-2152-GW-DTBx** | Date | March 10, 2026 |
|---|---|---|---|
| Title | ***Mario Rodriguez v. Tyler Perry, et al***. | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:                    Attorneys Present for Defendants:

None Present                                                None Present

**PROCEEDINGS (IN CHAMBERS):        ORDER TO SHOW CAUSE RE: JURISDICTION**

On December 26, 2025, plaintiff Mario Rodriguez ("Plaintiff") initiated this action against defendants Tyler Perry ("Perry"), TPS Production Services, LLC ("TPS"), Lionsgate Films Inc. ("Lionsgate"), and Does 1-50 in the Superior Court of California, County of Los Angeles. *See* Complaint, Docket No. 1-1, Ex. 1, at 1. While Plaintiff's Complaint lists TPS as a party, the Complaint does not assert a cause of action against TPS.[1] *See id.* ¶¶ 9, 130-66. On February 27, 2026, defendants Perry and Lionsgate ("Defendants") removed this action to federal court. *See* Notice of Removal ("NOR"), Docket No. 1.

Defendants assert that this action was properly removed to federal court because this Court has original jurisdiction over the action under 28 U.S.C. § 1332 (diversity jurisdiction). *See id.* ¶ 15. Specifically, Defendants claim that (1) Plaintiff is a citizen of California; (2) Perry is a citizen of Georgia; (3) Lionsgate, while a citizen of Delaware and California, has been fraudulently joined and does not defeat diversity jurisdiction; and (4) the matter in controversy in this action exceeds $75,000. *See id.* ¶¶ 19, 21, 25-26, 53.

Federal courts are courts of limited jurisdiction and have subject matter jurisdiction to adjudicate only those cases authorized by the United States Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This Court is obligated to consider its subject matter jurisdiction in every case that comes before it, even if no party challenges it. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514

---

[1]It is unclear to the Court whether Plaintiff intends to include TPS as a defendant in this action because: (1) TPS is named only in the "Parties" section of the Complaint; (2) TPS has not been served with the Complaint and Summons; and (3) there appears to be no cause of action asserted against TPS. Plaintiff shall explain to the Court precisely whether he intends to name TPS as a defendant in this action. For purposes of subject matter jurisdiction, a limited liability company is deemed to be a citizen of every state (or country) of which its members are citizens. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). To the extent TPS is a defendant in this action, the Court would expect Defendants to show the citizenship of each member of this LLC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 26-2152-GW-DTBx** | Date | March 10, 2026 |
|---|---|---|---|
| Title | ***Mario Rodriguez v. Tyler Perry, et al***. | | |

(2006). Jurisdictional challenges can be raised at any time, and federal courts have "a duty to consider them *sua sponte*." *Wilkins v. United States*, 598 U.S. 152, 157 (2023). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotation marks omitted). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Original diversity jurisdiction exists where there is (1) complete diversity among the parties; and (2) an amount in controversy over $75,000. 28 U.S.C. § 1332; *see also Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 415 (9th Cir. 2018). A defendant may remove an action to federal court based on diversity jurisdiction "provided that no defendant 'is a citizen of the State in which such action is brought.'" *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (quoting 28 U.S.C. § 1441(b)); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 679 (9th Cir. 2006) ("[T]he presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." (citation omitted)).

Fraudulently joined defendants, however, will not defeat removal on diversity grounds. "There are two ways to establish fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. Fraudulent joinder is established the second way if a defendant shows that an individual joined in the action cannot be liable on any theory. But if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court. A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against finding fraudulent joinder." *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (brackets, citations, and internal quotation marks omitted). "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

Notably, "the test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent. A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined." *Grancare*, 889 F.3d at 549. Rather, "the standard is similar to the wholly insubstantial and frivolous standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction." *Id.* (internal quotation marks omitted). The Ninth Circuit will not "uphold fraudulent joinder rulings where a defendant raises a defense that requires a searching inquiry into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal." *Id.* at 548-49.

In light of this demanding standard, the Court is inclined not to disregard Lionsgate's citizenship for purposes of diversity jurisdiction. Plaintiff alleges that Lionsgate negligently retained Perry despite knowing or having reason to know that Perry posed a risk of harm. Complaint ¶¶ 154-66. First, Defendants argue that Lionsgate was not Perry's employer, as required for a claim of negligent retention, given its position as a distributor of Perry's films. NOR ¶¶ 31-32. Determining whether an employment relationship existed between Perry and Lionsgate, however, would require the kind of "searching inquiry" that is inappropriate when assessing fraudulent joinder. *See Grancare*, 889 F.3d at 548-49. The relevant question

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 26-2152-GW-DTBx** | Date | March 10, 2026 |
|---|---|---|---|
| Title | ***Mario Rodriguez v. Tyler Perry, et al****.* | | |

is whether Plaintiff could possibly state a claim against Defendants, not whether the claim has been sufficiently pleaded at this stage. Second, Defendants argue that "Lionsgate did not employ Plaintiff," but fail to explain why an employment relationship between Plaintiff and Lionsgate is required for a negligent retention claim. *See* NOR ¶ 40. Third, Defendants argue that the Complaint fails to allege sufficient facts to satisfy the knowledge element of negligent retention. NOR ¶ 42. Again, even if Plaintiff's allegations do not presently state a claim, Defendants must show that the pleading deficiencies cannot "possibly be cured by granting the plaintiff leave to amend." *Grancare*, 889 F.3d at 550. Fourth, Defendants argue that the timing of the alleged injury, occurring after Plaintiff's involvement in any of Perry's films had ended, renders the claim impossible. NOR ¶ 46. However, the Complaint specifically alleges that "[b]ut for Lions Gate's failure to act and enforce their morality clauses and other safeguards, the sexual assaults would not have occurred as Perry would not have been in a position of power." Complaint ¶ 164.

Based on the foregoing discussion, Defendants are **ORDERED TO SHOW CAUSE** as to why this Court has subject matter jurisdiction over this action by addressing the Court's concerns at a hearing on March 12, 2026 at 8:30 A.M. Lionsgate's Motion to Dismiss, *see* Docket No. 8, currently set to be heard on April 6, 2026, and the scheduling conference, currently set for April 16, 2026, is hereby taken off-calendar pending the resolution of this jurisdictional issue.

**IT IS SO ORDERED.**