REMAND / JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | **CV 26-2152-GW-DTBx** | Date | March 13, 2026 |
|---|---|---|---|
| Title | ***Mario Rodriguez v. Tyler Perry, et al***. | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:    IN CHAMBERS - ORDER REMANDING ACTION TO LOS ANGELES SUPERIOR COURT; DENYING WITHOUT PREJUDICE MOTION TO DISMISS**

On December 26, 2025, plaintiff Mario Rodriguez ("Plaintiff") initiated this action against defendants Tyler Perry ("Perry"), TPS Production Services, LLC ("TPS"),[1] Lionsgate Films Inc. ("Lionsgate"), and Does 1-50 in the Superior Court of California, County of Los Angeles. *See* Complaint, Docket No. 1-1, Ex. 1, at 1. On February 27, 2026, defendants Perry and Lionsgate ("Defendants") removed this action to federal court. *See* Notice of Removal ("NOR"), Docket No. 1. On March 10, 2026, the Court issued an Order to Show Cause ("OSC") regarding whether it had subject matter jurisdiction over this action and indicated its inclination that subject matter jurisdiction was lacking. On March 12, 2026, the Court held a hearing on whether Lionsgate should be considered for purposes of diversity jurisdiction or whether it was fraudulently joined in this action.

The Court remains convinced that Defendants have failed to meet their heavy burden of demonstrating fraudulent joinder, largely for the reasons outlined in the OSC. The Court understands Defendants to argue that Plaintiff cannot possibly prevail on his negligent retention claim. Liability for negligent retention "will be imposed on an employer if it 'knew or should have known that hiring [or retaining an] employee created a particular risk or hazard and that particular harm materializes.'" *Landig v. CooperSurgical, Inc.*, No. 2:16-cv-07144-CAS-(KSx), 2017 WL 5633036, at *12 (C.D. Cal. Nov. 20, 2017) (quoting *Phillips v. TLC Plumbing, Inc.*, 172 Cal. App. 4th 1133, 1139 (2009)). Plaintiff alleges, among other things, that (1) Lionsgate "hires and supervises Perry for Perry's services"; (2) Lionsgate

---

[1]It is unclear to the Court whether Plaintiff intends to include TPS as a defendant in this action because (1) TPS is named only in the "Parties" section of the Complaint; (2) TPS has not been served with the Complaint and Summons; and (3) there appears to be no cause of action asserted against TPS.

REMAND / JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | **CV 26-2152-GW-DTBx** | Date | March 13, 2026 |
|---|---|---|---|
| Title | ***Mario Rodriguez v. Tyler Perry, et al.*** | | |

"should have known of Perry's misconduct as Perry has had many such allegations made against him in the past"; (3) Plaintiff was "sexually assaulted by Perry"; and (4) "[b]ut for Lions Gate's failure to act and enforce their morality clauses and other safeguards, the sexual assaults would not have occurred as Perry would not have been in a position of power." Complaint ¶¶ 157, 160, 163, 164. Even if Plaintiff's allegations do not presently state a claim, Defendants must show that the pleading deficiencies cannot "possibly be cured by granting the plaintiff leave to amend," and any "searching inquiry" is inappropriate when assessing fraudulent joinder. *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548-49, 550 (9th Cir. 2018).

The Court therefore cannot conclude that Plaintiff has no possibility of prevailing on his negligent retention claim. Defendants' arguments at the hearing and in their notice of removal are "more appropriately addressed in a demurrer, motion to dismiss, or motion for summary judgment." *See Hill v. Airgas USA, LLC*, No. 2:23-cv-09063-JFW-(RAOx), 2023 WL 9005648, at *2 (C.D. Cal. Nov. 3, 2023); *see also Supra Nat'l Express, Inc. v. Penske Truck Leasing Co., L.P.*, No. 2:24-cv-01593-SB-(KSx), 2024 WL 1603160, at *2 (C.D. Cal. Apr. 11, 2024) (noting that remand for failure to establish fraudulent joinder did not foreclose a later motion to dismiss under state law).

For the foregoing reasons, this action is **REMANDED** to Los Angeles County Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). In light of the remand of this action to Los Angeles Superior Court, Lionsgate's Motion to Dismiss, *see* Docket No. 8, is **DENIED** without prejudice.

**IT IS SO ORDERED.**